Marshall, Ch. J.,
after stating the case, delivered the opinion of the court, as follows : — This being an application to restrain a person from the assertion of title in the ordinary course of judicial proceedings, the prayer of the bill ought not to be granted in a doubtful case ; but if the case be a clear one, the interposition of equity is allowable; and the situation of the land adjoining a growing city, the number of persons who are consequently interested in the settlement of the question, and the numerous titles which depend *on it, give it peculiar claims to the attention of the court. *•
By the laws which govern this case, a possession of thirty years, under some circumstances, and of fifty years, under any, constitutes a title against all the world. The appellee claiming under a possession, perhaps, from the year 1732, certainly, from the year 1741, has a complete title, unless something can be alleged by the plaintiffs in error which shall deprive him of the advantages of that possession. It is urged, that the contract of 1741, between the Alexanders and the Dades, made the latter trustees for the former with respect to that portion of the land included in Berry’s survey, which they had agreed to surrender-, in the event of establishing a more western back line. And that, therefore, in computing time, we must commence with the sale from Parthenia Dade to William Hartshorne, in May 1778.
Had the land continued in possession of Parthenia Dade and her heirs, the question whether this contract was of unlimited duration, or contemplated some particular suit then intended to'be brought, would merit consideration. But as the contract does not appear on the title papers, but was verbal, a purchaser for a valuable consideration could not be affected by it, *297 unless lie was a purchaser with notice. Finding Parthenia Dade in the quiet and undisturbed possession of 400 acres of land, forming a parallellogram, limited on the west by the line north 6° west, he had a right to consider that line, as established, so far as respected the land of Parthenia. He was not bound to know that a private parol agreement existed, which would control the possession. This trust, therefore, no more passed with the land to Hartshorne, than would any other secret trust of which he had no knowledge.
The various suits which have been instituted by, and against the ancestors of the appellants cannot affect this cause. A suit not prosecuted to a '••decree or judgment is not constructive notice to a person not a pendente lite purchaser ; and were the law otherwise, those suits, until that instituted in *. ^0-1 1796, would convey no notice of the ^'private agreement made in 1741. ■* A knowledge of the suits, therefore, would not imply a knowledge of the trust ; and possession for fifty years, though with knowledge of a better title, if adversary, constitutes a good defence against that title.
In 1796, Charles Alexander instituted a suit against sundry persons claiming the land in controversy, for the purpose of altering the boundaries which had been held by Parthenia, and those claiming under her, from the year 1732, and which had been surveyed under an interlocutory decree made by the court of chancery, in the year 1741. In defending themselves against this claim, the purchasers of the land had a right to unite the possession of Parthenia Dade to their possession, without being affected by a secret trust of which they had no notice. If upon the trial of that suit, a possession of fifty years could not have been established, and if the court should have been of opinion, that this was not a case in which an adversary possession of thirty years would have constituted a bar, the merits of the title would -have been necessarily investigated. But if Charles Alexander had permitted that suit to be dismissed, and had filed a new bill, he would not have been at liberty, in the computation of time, to avail himself of the pendency of the former suit, unless he could have connected the two suits together. The law is the same, where a suit terminates by abatement and is not revived ; such a suit takes no time out of the act of limitations. The title of Pendleton, therefore, has from that act all the benefit which can be derived from a possession from the year 1741, when a possession, ostensibly adversary, by metes and bounds, unquestionably commenced, to the institution of this suit in the year 1806. The deduction which the laws of Virginia make from all computations of time, in consequence of the war of the revolution, will not be sufficient to take this case out of the act of limitations. The appellee’s title, being secured by a possession of more than fifty years, is unquestionably good, and it is proper, that the doubts which hang over it, should be removed. There is no error in the proceedings of the circuit court, and the decree is affirmed.
Decree affirmed.